UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| CAROLYN R. MATTHEWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:07-CV-46 |
| | ) *Lee* |
| TENNESSEE BOARD OF PROBATION | ) |
| AND PAROLE, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

**I.   Introduction**

Before the Court is the motion of Plaintiff, Carolyn R. Matthews, to dismiss pursuant to Fed. R. Civ. P. 41(a)(2) [Doc. 27], with a supporting memorandum [Doc. 28] and affidavit [Doc. 29]. Defendant, the Tennessee Board of Probation and Parole, has filed a response in opposition to Plaintiff's motion [Doc. 30 & 33], with a supporting memorandum [Doc. 31] an affidavit and supporting evidence [Doc. 32 & 32-2]. Consequently, Plaintiff's motion to dismiss is now ripe. For the reasons which follow, Plaintiff's motion to dismiss this action pursuant to Fed. R. Civ. P. 41(a)(2) [Doc. 27] will be **DENIED**.

**II.   Background**

Plaintiff filed her complaint on February 28, 2007, asserting claims of racial and sexual discrimination under Title VII [Doc. 1]. The matter was originally set for trial on April 22, 2008, after a scheduling conference with counsel for the parties on June 20, 2007 [Doc. 8]. On February 1, 2008, the parties filed a joint motion to modify the Court's scheduling order and continue the jury trial [Doc. 10]. After a hearing and scheduling conference concerning the parties' joint motion on

February 29, 2008, the parties agreed to a new scheduling order, which was entered on March 6, 2008 [Doc. 14].

Pursuant to the Court's amended scheduling order, Defendant timely filed its motion for a summary judgment under Fed. R. Civ. P. 56 on May 7, 2008 [Doc. 15]. On May 29, 2008, Plaintiff filed a motion for an extension of time to complete discovery [Doc. 23] and a motion for an extension of time to file a response to Defendant's motion for summary judgment [Doc. 24]. In her motion to extend discovery, Plaintiff sought an extension of the March 21, 2008 deadline for the completion of all discovery in order to take the deposition of John Patterson ("Patterson") [Doc. 23]. The Court denied Plaintiff's motion for an extension of the discovery deadline concluding Plaintiff had not shown her failure to timely take Patterson's deposition was the result of "excusable neglect" under Fed. R. Civ. P. 6(b)(2) [Doc. 26 at 2-3]. The Court also denied Plaintiff's motion for an enlargement of time to respond to Defendant's motion for summary judgment finding Plaintiff had not satisfied the requirements of Fed. R. Civ. P. 56(f) [*id.* at 5-6]. However, in the interests of justice, the Court permitted Plaintiff until Monday, June 9, 2008, in which to respond to Defendant's motion for summary judgment [*id.* at 6-7]. Plaintiff, however, did not file a response to Defendant's summary judgment motion.

On June 15, 2008, Plaintiff filed the instant motion to dismiss under Rule 41(a)(2) [Doc. 27]. Defendant filed its response in opposition to Plaintiff's motion on June 18, 2008 [Doc. 30 & 33].[1]

---

[1] Defendant erroneously filed its response to Plaintiff's motion as a motion to dismiss on the Court's electronic docketing system, CM/ECF, on June 18, 2008 [Doc. 30]. The following day, Defendant corrected its error by properly refiling the response as a response in opposition to Plaintiff's motion to dismiss – rather than as a motion to dismiss [Doc. 33]. Both of Defendant's filings were timely filed within the ten day period for Defendant to respond to Plaintiff's motion to dismiss.

Attached to Plaintiff's motion is the affidavit of Karen Barrett ("Barrett"), dated June 17, 2008 [Doc. 29]. Barrett is the secretary for Plaintiff's counsel, attorney Robin Flores ("Flores") [*id.* at 1, ¶ 2]. As part of her duties, Barrett keeps Flores' electronic calendar [*id.*]. Barrett's affidavit states:

> 3. I did attempt to contact Mr. Holt's office at least twice to try to schedule depositions for Mr. Patterson. I did not personally speak with Mr. Holt. When the telephone calls were answered I would ask for an assistant to Mr. Holt[.] I left two messages one with a lady and one on a voice mail.
>
> 4. Another issue with scheduling Mr. Patterson's deposition was the lack of time with Mr. Flores' hectic schedule. During the month of April Mr. Flores was preparing for a highly publicized murder trial, which ended up being cancelled the day of. Mr. Flores was also preparing for depositions, in which he had two days in April set aside for, in regards to another federal court case. In the month of May Mr. Flores was trying to prepare for two separate murder trials in the Hamilton County Criminal Court, one of which was to be heard the third week of May and ended up being continued to the third week of June due to an expert witness was not prepared and the other trial which was to begin the third week of June which is now rescheduled to July because the murder trial that was to be held in May was rescheduled by Judge Blackwood to be heard in the same week of the trial originally to be held in June. Mr. Flores also had three days of May set aside for depositions with the City Attorney's office on a police brutality case which will be heard in the Hamilton County Circuit Court.

[*Id.* at 1-2. ¶¶ 3, 4].

Attached to Defendant's response to Plaintiff's motion is the affidavit of Gregory W. Holt ("Holt"), dated June 18, 2008 [Doc. 32]. Holt is an Assistant Attorney General with the state of Tennessee and is the lead attorney representing the Defendant in this action [*id.* at 1, ¶¶ 2, 3]. Holt's

3

affidavit states:

> 4. At no time since prior to May 29, 2008, did I receive any correspondence from Mr. Robin Flores . . . or from anyone connected with his office regarding the deposition of John Patterson.
>
> 5. At no time prior to May 29, 2008 did Mr. Flores or anyone connected with his office contact me requesting a date and time to take the deposition of John Patterson.
>
> 6. To my knowledge no member of my staff or any attorneys at my office were ever contacted by Mr. Flores or anyone connected with his office regarding the deposition of John Patterson.
>
> 7. I filed Defendant's Motion for Summary Judgment with this Court on May 7, 2008.
>
> 8. At no time prior to the filing of Defendant's Motion for Summary Judgment did Mr. Flores serve any interrogatories or requests for written discovery upon Defendant.
>
> 9. I have enclosed as collective Exhibit 1 to this affidavit copies of all relevant correspondence regarding discovery of which I am aware between Mr. Flores, his office and myself. No where [sic] in this correspondence does Mr. Flores or anyone connected with his office mention John Patterson or his deposition.

[*Id.* at 1-2, ¶¶ 4-9].

The correspondence referred to in Holt's affidavit has been filed as an attachment to his affidavit [Doc. 32-2 at 1-15]. The correspondence – which consists primarily, but not solely, of e-mails between Holt's and Flores' offices – covers the period from August 17, 2007 up through March 11, 2008, and deals with the scheduling of discovery in this action [*id.*]. No requests to take Patterson's deposition or even a mention of the possibility of taking Patterson's affidavit appears

4

in the correspondence [*id.*].

## III. Analysis

Plaintiff moves to dismiss her claims without prejudice pursuant to Rule 41(a)(2) on the grounds she has not been able to obtain the deposition of Patterson and a dismissal will not substantially prejudice Defendant because Defendant would merely face a second suit in this Court if her motion to dismiss is granted [Doc. 28]. In its response, Defendant asserts the Court should exercise its discretion to deny Plaintiff's Rule 41(a)(2) motion to dismiss because: (1) Defendant has timely filed a motion for summary judgment to which Plaintiff has failed to respond; (2) Defendant has expended considerable effort and expense in discovery, the preparation and filing of a timely motion for summary judgment, and in preparation for trial; (3) Plaintiff has not offered an excuse for her failure to timely depose Patterson and her motion to dismiss is an "end run" around this Court's prior finding that she had not shown "excusable neglect" for her failure to depose Patterson; and (4) Plaintiff has offered an insufficient explanation for her need to take a dismissal under Rule 41(a)(2) [Doc. 31].

### A. Legal Standard

Rule 41(a)(2) provides in pertinent part:

> **(a) Voluntary Dismissal.**
> . . .
> **(2) By Court Order; Effect**. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2) (West 2008).

Whether dismissal should be granted under Rule 41(a)(2) is within the sound discretion of the district court. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994); *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). "Ordinarily voluntary dismissal without prejudice should be granted unless the defendant shows that a dismissal will result in plain legal prejudice." *Rouse v. Caruso*, No. CIV-06-10961, 2007 WL 909600, * 3 (E.D. Mich. Mar. 23, 2007) (citing *Grover*, 333 F.3d at 718). "The mere prospect of a second lawsuit does not constitute prejudice." *Id.* (citing *Grover*, 33 F.3d at 718). The fact that the plaintiff may also gain some tactical advantage as the result of a voluntary dismissal without prejudice does not constitute prejudice. *Id.* (citing *Quad/Graphics v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983)).

In *Vanderpool v. Edmonson*, No. 1:01-CV-174, 2003 WL 23721333, * 1 (E.D. Tenn. Dec. 2, 2003), this Court stated:

> the Sixth Circuit identifies four factors to be considered in determining whether a defendant will suffer plain legal prejudice if the plaintiff's complaint is dismissed without prejudice under Rule 41(a)(2): (1) the amount of time, effort, and expense the defendant has incurred in trial preparation; (2) any excessive delay or lack of diligence on the plaintiff's part in prosecuting the action; (3) insufficient explanation of the need to take a voluntarily dismissal without prejudice; and (4) whether the defendant has filed a motion for summary judgment under Fed. R. Civ. P. 56.

*Id.* (citing *Grover*, 33 F.3d at 718). Plaintiff's Rule 41(a)(2) motion for voluntary dismissal was denied in *Vanderpool* even though there was no pending motion for summary judgment and no excessive delay or lack of diligence on the plaintiff's part. *Id.* at * 1. The Court noted the first and third *Grover* factors weighed in favor of denying the plaintiff's Rule 41(a)(2) motion stating:

> With regard to the first factor, the defendants have invested substantial time, effort, and expense in preparing for trial. Discovery

6

> is almost complete. The suit has been pending on the Court's docket for over two and one-half years. Plaintiffs filed their complaint on May 18, 2001. The Court entered a rescheduling order over one year ago . . . The trial is scheduled for February 10, 2004. Plaintiff waited until November 13, 2003, to file their motion for voluntary dismissal, approximately three months prior to trial.

*Id.*

"The *Grover* factors are not an exclusive or mandatory list." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. Feb. 16, 2007) (citing *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)). The factors are "a guide for the trial judge, in whom the discretion ultimately rests." *Id.* (quoting *Kovalic v. DEC Int'l Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)). It is not even necessary for a district court to resolve all of the *Grover* factors before ruling on a Rule 41(a)(2) motion to dismiss. *Id.*

### B. Application of Factors

Applying the four *Grover* factors to this action, the Court finds all four factors weigh against the Plaintiff's Rule 41(a)(2) motion for voluntarily dismissal and the first, second, and fourth factors weigh heavily against the Plaintiff's motion.

As to the first factor, there is no doubt Defendant has incurred effort and expense in preparing for trial. Plaintiff filed her complaint on February 28, 2007 [Doc. 1] and this matter was originally set for trial on April 22, 2008 [Doc. 8]. A rescheduling, based upon the joint motion of the parties, resulted in the entry of a new scheduling order on March 6, 2008 [Doc. 10 & 14]. Pursuant to the Court's rescheduling order, discovery was completed on March 21, 2008, the Defendant timely filed a motion for summary judgment on May 7, 2008, and the trial of this matter is scheduled for August 14, 2008 [Doc. 14]. Not only is discovery completed in this action and Defendant has timely filed a summary judgment motion, but Plaintiff also did not file the instant

motion to dismiss under Rule 41(a)(2) until June 15, 2008, less than two months prior to trial. Thus, the first *Grover* factor weighs in favor of denying Plaintiff's Rule 41(a)(2) motion.

As to the second factor, there is also evidence of a lack of diligence on the part of Plaintiff in prosecuting this action. On May 28, 2008, after the deadline for the completion of all discovery and the timely filing of a motion for summary judgment by Defendant, Plaintiff sought an extension of the time to complete discovery in order to take Patterson's deposition [Doc. 23] and an extension of the time to respond to Defendant's motion for summary judgment [Doc. 24]. The Court denied Plaintiff's motion for an extension of the discovery deadline finding she had not shown "excusable neglect" for her failure to timely take Patterson's deposition under Rule 6(b)(2) [Doc. 26 at 2-3]; and the Court denied Plaintiff's motion for an extension of time to respond to Defendant's summary judgment motion finding Plaintiff had not satisfied the requirements of Rule 56(f) [*id.* at 5-6]. Moreover, despite the fact the Court accorded Plaintiff a brief period of time to respond to Defendant's motion for a summary judgment in the interests of justice, Plaintiff has made no response whatsoever to Defendant's pending summary judgment motion. Thus, the second *Grover* factor also weighs in favor of denying Plaintiff's motion for a voluntary dismissal under Rule 41(a)(2).

As to the third factor, Plaintiff has advanced an insufficient explanation of her need to take a voluntary dismissal with prejudice – particularly at this stage of the litigation. In her brief in support of her motion to dismiss, Plaintiff stated that "[s]he has not been able to obtain the deposition of . . . Patterson." [Doc. 28 at 1]. Plaintiff also asserts that if her motion for a voluntary dismissal under Rule 41(a)(2) is granted, "Defendant merely faces a second suit in this same Court." [*Id.* at 3]. Although Plaintiff asserts Defendant was not as cooperative as it could have been in

8

scheduling Patterson's deposition, she concedes "that a motion to compel after a timely notice to take [Patterson's] deposition would have secured" the evidence she sought from Patterson [*id.* at 3-4]. The Court finds no need to resolve the dispute presented by the competing affidavits of the parties as to whether Plaintiff did or did not contact Defendant in an effort to schedule Patterson's affidavit, because Plaintiff concedes she could have timely obtained Patterson's deposition by issuing a notice of deposition and a motion to compel. Moreover, the statements in Barrett's affidavit concerning attorney Flores' busy schedule in April and May 2008 do not constitute an excuse for the failure to take Patterson's deposition in an action that has been pending since February 28, 2007, and has been the subject of at least one rescheduling since that time. In addition, the Court has already considered Plaintiff's motion for an extension of the discovery deadline and concluded she did not establish "excusable neglect" for her failure to timely seek Patterson's deposition. Even giving Plaintiff the extreme benefit of the doubt, the allegations in her motion for a voluntary dismissal without prejudice under Rule 41(a)(2) show it is nothing more than attempt to avoid the Court's prior ruling on Plaintiff's motion to extend the discovery deadline to permit her to take Patterson's deposition. Plaintiff has advanced no other rationale for her Rule 41(a)(2) motion to dismiss. Given the procedural history of this case, as well as the fact that the other *Grover* factors weigh against allowing Plaintiff's motion, the Court also finds the third *Grover* factor weighs against granting Plaintiff's motion under Rule 41(a)(2). *See Fawns v. Ratcliff*, No. 95-6352, 1997 WL 377025, * 3 (6th Cir. July 3, 1997) ("Considering the advanced stage of the proceedings, [the plaintiff's] failure to offer any explanation of the need for a dismissal, and the significant time and effort invested by the parties, we cannot say that the district court abused its discretion by denying [plaintiff's] motion to dismiss her suit without prejudice.")

As to the fourth factor, Defendant has a motion for summary judgment pending in this action [Doc. 15]. Thus, the fourth *Grover* factor clearly weighs in favor of denying the Plaintiff's Rule motion.

Accordingly, as all four of the *Grover* factors weigh against the granting of Plaintiff's motion for a voluntary dismissal without prejudice under Rule 41(a)(2) and, the first, second and fourth *Grover* factors strongly weigh against the Plaintiff's motion, Defendant has shown the dismissal of this action without prejudice under Rule 41(a)(2) will result in plain legal prejudice to Defendant. Therefore, Plaintiff's motion will be **DENIED**.

**IV. Conclusion**

For the reasons stated herein, Plaintiff's motion to dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) [Doc. 27] is **DENIED**.

SO ORDERED.

ENTER:

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE